WINDLE v. PARKS & WOOLSON MACH. CO.

(Circuit Court, D. Vermont. March 3, 1904.)

1. PATENTS—CLOTH-MEASURING MACHINES—VALIDITY—ANTICIPATION.

Patent No. 507,300, for an improvement in cloth-measuring machines, consisting of a device for varying the length of the circumference of the measuring cylinders in order to allow for the elasticity of cloth, *held* valid, and not anticipated by prior patents and structures showing divided cylinder rims.

2. SAME—INFRINGEMENT.

Patent No. 507,300, for an improvement in cloth-measuring machines, to increase the circumference of the cylinders, to allow for difference in the elasticity of the cloth, and containing split rings, combined with an expanding device, and a rotating shaft, having a series of spiders thereon, was infringed by another machine using a similar split ring between the rims of the ends of the cylinders and their measuring circumference for the same purpose; the only difference being that the mode of separating the parts of the split rings was by means of screws, instead of by cams, as shown in the patent, and the use of a spring to control the expansion.

In Equity.

Nathan Heard, for plaintiff.
George N. Goddard, for defendant.

WHEELER, District Judge. This suit rests upon patent No. 507,-300, dated October 24, 1893, and granted to the plaintiff, for improvements in cloth-measuring machines that use the surfaces of cylinders as standards. The differences in the firmness and elasticity of cloth require varying of the length of the circumference of the measuring cylinders in such machines as standards to secure practical accuracy. This had been sought by attempting to open and close the rims of the carrying ends of the cylinders to expand or contract their measuring circumferences in proportion to the stretch of the cloth. The necessary rigidity of the arms and rims appears to have prevented proper expansion and contraction of the circumference by this means. The plaintiff appears to have invented a split ring between the rigid rims and the measuring circumferences, with means to expand and contract that, and thereby lengthen or shorten the circumferences according to the cloth, independently of the length of the rims. That invention is the subject of this patent. The claims are:

"(1) In a cloth-measuring machine, a rotating shaft, and a cylinder having the rings of its spiders or heads split, combined with an expanding device for said rings or, heads, whereby the effective length of the circumference of the cylinder may be varied to compensate for the elasticity of the cloth being measured, substantially as described.

"(2) A rotating shaft, having a series of spiders thereon, each having a ring split from one to its other edge to thus form ends, combined with an expanding device, a portion of which is located between the opposite ends of each ring, and devices to move said expanding device and confine it in its adjusted position, to operate substantially as described."

Prior patents and structures showing divided rims for accomplishing this purpose have been set up and proved as anticipations or limitations of this invention as patented, but they were not successfully operative. The difficulty was left that this invention of the variable split ring, as to length, operating between the rim and circumference, obviated. The patent appears to be valid for this improvement.

The defendant uses such a split ring in such a machine between the rims of the ends of the cylinders and their measuring circumferences for the same purpose of varying the length of the standard of measure in proportion to the quality of the cloth. The mode of separating the parts of the split ring is by screws, instead of by the cams shown in the patent as means for that purpose, but these particular means are not the subject of the patent. And the defendant has springs between the rim and split ring for controlling the expansion and contraction, but they do not appear to affect the operation of the split ring, as such, in its place. So the defendant appears by this use to infringe the patent.

Decree for plaintiff.